J-S08012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENN ANTHONY HOLDER | : | |
| | : | |
| Appellant | : | No. 1219 MDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004274-1998,
CP-67-CR-0004275-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GLENN A. HOLDER | : | |
| | : | |
| Appellant | : | No. 1220 MDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004274-1998,
CP-67-CR-0004275-1998

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 21, 2023**

Appellant, Glenn Anthony Holder, appeals *pro se* from the order entered on August 9, 2022, which dismissed his eighth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541 9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We previously summarized the procedural posture that led to the dismissal of Appellant's sixth PCRA petition:

[Appellant] was convicted on March 3, 1999, of rape, involuntary deviate sexual intercourse ("IDSI"), indecent assault, criminal solicitation to commit rape, criminal solicitation to commit IDSI, criminal solicitation to commit statutory sexual assault, four counts of corruption of minors, and two counts of endangering the welfare of children. On May 24, 1999, the trial court sentenced [Appellant] to an aggregate term of 31 ½ to 63 years' imprisonment. This Court affirmed [Appellant's] judgment of sentence on September 22, 2000. [Appellant] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 10, 2001, [Appellant] filed a PCRA petition, which the PCRA court dismissed on April 6, 2001. This Court affirmed the dismissal on September 10, 2002, and the Supreme Court denied *allocator*. Thereafter, on September 15, 2005, [Appellant] filed his second PCRA petition, which was again dismissed by the PCRA court. This Court affirmed the dismissal on February 16, 2007, and the Supreme Court denied the petition for allowance of appeal. [Appellant] filed a third PCRA petition on October 16, 2008, which the PCRA court dismissed as untimely on October 23, 2008. This Court affirmed the dismissal on November 13, 2009, and the Supreme Court denied review on July 19, 2010.

On July 16, 2012, [Appellant] filed his fourth PCRA petition. The PCRA court dismissed [Appellant's] petition as untimely on July 30, 2012. This Court affirmed the dismissal on April 8, 2013. [Appellant's] fifth petition, filed on October 3, 2014, was dismissed as untimely. This Court affirmed the dismissal on May 15, 2015.

Less than two months later, [Appellant] filed a document entitled "Petition of Actual Innocence." The PCRA court treated the document as [Appellant's] sixth PCRA petition, and once again dismissed the petition as untimely.

*Commonwealth v. Holder*, 159 A.3d 579 (unpublished memorandum), at 1-2.

On November 7, 2016, we affirmed the PCRA court's order, which dismissed Appellant's sixth PCRA petition. *Id.*

Appellant filed his seventh PCRA petition on August 30, 2019. *See* Appellant's Seventh PCRA Petition, 8/30/19, at 1-10. The PCRA court dismissed the petition on September 5, 2019 and Appellant did not file a notice of appeal. PCRA Court Order, 9/5/19, at 1-2.

On August 3, 2022, Appellant filed the current PCRA petition, which constitutes his eighth petition for post-conviction collateral relief under the PCRA. *See* Appellant's Eighth PCRA Petition, 8/3/22, at 1-9. The PCRA court dismissed this petition on August 9, 2022 and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the

- 3 -

timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> All PCRA petitions including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (quotation marks, citations, and brackets omitted). "Because the timeliness [of a PCRA petition] implicates our jurisdiction, we may consider the matter *sua sponte*." ***Yarris***, 731 A.2d at 587.

This Court affirmed Appellant's judgment of sentence on September 22, 2000 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final for purposes of the PCRA at the end of the day on Monday, October 23, 2000. ***See***, ***e.g.***, Pa.R.A.P. 903(a); ***see also*** 1 Pa.C.S.A. § 1908 (computation of time); 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for

seeking the review"). Under the terms of the PCRA, Appellant thus had until October 23, 2001 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until August 3, 2022, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. *See* Appellant's Eighth PCRA Petition, 8/3/22, at 1-9. Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's order, which dismissed Appellant's eighth PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 5 -

Date: <u>07/21/2023</u>